## SEATTLE MERCHANTS' ASS'N v. HERBERT.

(Third Division.   Valdez.   September 15, 1922.)

No. A–203.

**1. Pleading ☞345(1)—Bills and Notes—Payment.**

Defendant moved for judgment on the pleadings. The
plaintiff's complaint is based on a note for $6,000 made to it
by defendant. Defendant's answer contains, first, a general
denial of the debt; and, second, an affirmative defense that
his note was paid by the indorsement and delivery by him to
plaintiff of a note made in his favor by McNally and Maitland,
of an equal amount, and its acceptance by plaintiff. Plaintiff's
reply admits the receipt of the McNally and Maitland note to
it, with an offer in writing to deliver it in payment of defend-

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ant's note, but denies acceptance. *Held*, the motion for judgment on the pleadings denied.

**2. Bills and Notes ⊕489(1)—Negotiable Instruments Act.**

Defendant indorsed a note for money due him from McNally and Maitland, and delivered it to the plaintiff in payment for his note in an equal amount due to plaintiff. Plaintiff admits receipt of the note as security for the money due him from defendant. Plaintiff made no demand for payment on the makers of the security note, upon the payors at the date and place of payment, and did not give notice of its dishonor and nonpayment to defendant as indorser thereof. *Held*, on the suit by plaintiff against defendant on his note to plaintiff, that the collateral note is not in litigation in this action, and no defense to an action thereon can be interposed in the suit on defendant's note.

J. L. Waller, of Anchorage, for plaintiff.
W. H. Rager, of Anchorage, for defendant.

RITCHIE, District Judge. Plaintiff sued to recover on a note for $6,000 and interest, given it by defendant. The defendant answered, denying the indebtedness and pleading several affirmative defenses, the most important of which is the claim that the note was paid and satisfied in 1918 by delivery of a note for $5,000 given by McNally and Maitland to defendant and which the defendant indorsed to plaintiff. This would be a sufficient defense, if the acceptance of the McNally and Maitland note by the plaintiff in full payment and satisfaction of defendant's note were admitted, but plaintiff's reply alleges that the McNally and Maitland note was given as collateral only, and sets out a purported offer in writing by defendant to deliver said McNally and Maitland note on certain conditions, which offer, the reply alleges, was accepted. This alleged offer reads as follows:

"Seattle, Washington, February 5, 1918.

"Seattle Merchants' Association, Seattle, Wash. Attention Mr. Macomber—Gentlemen: I herewith submit the note of McNally and Maitland, of Anchorage, Alaska, dated September 22, 1917, in the sum of $5,000, payable one year after date, with interest at 6 per cent., to be accepted in full settlement of the balance due my creditors on the claims filed with the association.

"You are to submit this offer to my creditors, and, if acceptable to them, I am to receive a receipt in full when this note is paid. If the note is not accepted by them, the note is to be returned to me.

"[Signed]   J. A. Herbert."

⊕See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Defendant pleads, further, that no demand for payment of the McNally and Maitland note was made upon the payors at the time and place stipulated in the note, when it became due, and that no notice of its dishonor was given to defendant as indorser. This would be a sufficient defense, if plaintiff were suing upon the McNally and Maitland note. Having failed to comply with the requirements of the Negotiable Instruments Law as to demand and protest, plaintiff cannot hold defendant as indorser on that note; but the note is not in litigation in this action, and no defense to an action thereon can be interposed here. Furthermore, if the defendant is still liable upon his own note, it can make no difference to him whether he is still liable on the alleged collateral note or not, since, if he paid the collateral note, he would be entitled to credit for the amount thereof on his own note. In no case could he be held by plaintiff for more than his own debt.

Another issue is raised by the plaintiff's reply, which would constitute a departure from its original cause of action, if defendant had taken advantage of it by motion. The complaint alleges simply the indebtedness of the amount called for by the note. The reply contains the following allegation:

"That on the 19th day of September, 1914, it was estimated by and between the plaintiff and defendant that the fish for the season of 1914 shipped to Seattle, together with the assignment of a certain mail contract and some payments to be made by the Seldovia Salmon Company, would leave about $6,000 due to defendant's creditors; that at the time the said $6,000 note was executed no money had been received by the plaintiff on account of the original indebtedness, and the note was taken only as security for the estimated indebtedness after the returns from the season's operations were in."

This paragraph is an admission that the $6,000 note was not in fact for an amount certain, but only for an estimated amount, to be determined thereafter. Accordingly, it raises another issue. There are two issues, therefore, to be determined on the trial: First, was the McNally and Maitland note assigned to plaintiff as collateral security for defendant's note? and, second, was the actual amount due plaintiff from defendant on September 19, 1914, when the $6,000 note was given, that sum or a lesser sum?

If the McNally and Maitland note was assigned as collateral only, plaintiff would be entitled to sue, either on that note

or on its own note.  Collateral security has been so often and clearly defined that it is hardly necessary to incorporate a definition thereof in this opinion.  It is defined in 1 Bouvier's Law Dictionary, 520, Words and Phrases, First and Second Series, and in 11 C. J. 961, and cases there cited.  These definitions are all similar.  Perhaps as clear as any is one often quoted, as follows:

"The use of the term 'collateral security,' when a debtor transfers to his creditor an article of value or the evidence of a debt, is intended to express that it is not received in payment of the principal debt, and that it is not an additional right to 'which the creditor is absolutely entitled.  It is merely a concurrent security for another debt, subsidiary to the principal debt, and, if the principal debt be paid off, the debtor is entitled to a restoration of the collateral security.  Munn v. McDonald, 10 Watts (Pa.) 270, 273."

Considerable evidence and some argument are contained in the pleadings.  Out of it all I am able to deduce the two issues mentioned and none other, except defendant's counterclaim.  The motion for judgment on the pleadings is therefore denied.

Defendant interposed a counterclaim, which constitutes a third issue; but it is not involved in the motion on the pleadings.

Counsel for the defendant, in his brief, urges strenuously the fact that, as he states, plaintiff two years ago sued McNally and Maitland, and the defendant, on the McNally and Maitland note; that at the trial it dismissed the action against defendant, and took judgment against the makers of the note alone. The amended pleadings contain no reference to this action, and for that reason it cannot be considered on this motion.  Furthermore, even if the pleadings did make such reference, it would not constitute a defense herein, since this action is on the original indebtedness, and not on the collateral.